## In the Matter of the Town of Bridport.

### *Highways.    Commissioners—their powers and duties.*

The 28th Section of Chap. 22 of the Compiled Statutes of 1850, provides, "That "when the public good, or the necessity and convenience of the inhabitants re- "quire a highway to be laid out, *on the line between two towns,* any seven or more "free holders may make application to the selectmen for that purpose."   And the 44th Section of the same Chapter provides, "That if the selectmen of such "towns shall neglect or refuse to lay out such highway, and in no other case, "any seven or more free holders may make application to the county court for "the appointment of commissioners for that purpose."   Under the provisions of those two sections, it was held, that commissioners had conferred upon them the same powers, and the performance of the same duties, and none other, that were given to the selectmen under such petition, when pending before them.

And where the road petitioned for is wholly in one town, and upon the refusal or neglect of the selectmen of said town to lay such road, commissioners are appointed by the county court, it was held, that the powers of the commissioners in such case, are co-extensive with those of the selectmen of the town, and that the commissioners can only act within the territorial limits of the town.

Where commissioners appointed under the provisions of sections 28 and 44 of chapter 22 of the Compiled Statutes of 1850, laid the road wholly in one town, and it appeared from their report that the road could, except for a short distance in one or two places, as well have been laid *on the line of both towns* as by the side of said line, it was held, that the commissioners exceeded their power and authority, and that the proceedings of the county court establishing a highway so laid, on petition, would be set aside.

This was Application or Petition to the supreme court, by the town of Bridport, for a writ of *certiorari*, to vacate the

In the matter of the town of Bridport.

proceedings of the county court in accepting the report of commissioners in laying out a highway. The facts are sufficiently stated in the opinion delivered by the court.

*Barber & Bushnell* for petitioners.

*J. Pierpoint* for defendants.

The opinion of the court was delivered by

ISHAM, J.   This is an application for the writ of *certiorari*, in which complaint is made of the decision of the county court in accepting the report of commissioners in laying out a highway.

The commissioners were appointed by the county court upon a petition of several free holders of the towns of Addison and Bridport, in which it is stated that application had been made to the selectmen of those towns, to lay out a public highway, on or near the line between the towns from Jesse Crane's in Bridport to Marshall Smith's in Addison, and that the selectmen had neglected and refused to grant the petition.   From the report of the commissioners, we learn that a public highway was surveyed by them between the *termini* mentioned in the petition, but wholly laid in the town of Addison, the line between the towns being the south line of the road, and for a portion of the road the town of Bridport was made chargeable for its support.   The county court accepted the report, and ordered the road to be worked and opened for public use.

The legality of the proceedings of the commissioners in that survey, and of the decree of the court in accepting that report and ordering the road to be opened, are matters brought before this court on this application.   It is insisted by the town of Bridport, that the proceedings of the commissioners are irregular in laying the road wholly in the town of Addison, and that no facts are reported, or found to exist in the case, that warranted the acceptance of the report, or the order of the court for the opening of the road.

The 28th Section of the Compiled Statutes, p. 165, provides, " That when the public good, or the necessity and convenience of " the inhabitants require a highway to be laid out *on the line be-* " *tween two towns,* any seven or more free holders may make ap- " plication to the selectmen of such towns for that purpose."

The 44th Section provides, "That if the selectmen of such "towns shall neglect or refuse to lay out such highway, and in no "other case, any seven or more free holders may make applica- "tion to the county court for the appointment of commissioners "for that purpose." Under these provisions the powers and duties of commissioners are apparent. The legislature obviously intended to confer upon them the same powers and the performance of the same duties, and none other, that were given to the selectmen under such petition when pending before them.

Their inquiries are to be directed to the necessity and convenience of the same road, and in its location they are confined by the same restrictions, and within the same limits, as that of the selectmen. In other words, the county court, by their commissioners, are required to do what should have been done by the selectmen.

On a petition for a road of this character, it is evident different proceedings are to be had from those required where the road is wholly laid in one town. In such case the power of locating the road is placed in the hands of the selectmen of the town where the road is proposed to be laid, or in commissioners which may be appointed, on their neglect and refusal to survey the same, and their powers in such case are co-extensive with those of the selectmen of the town, and can act only within its territorial limits. But on a petition for a road *on the line of two towns*, the selectmen of both towns are the only board to whom the application is first to be made, and they are required to proceed together, in appointing a time and place of hearing, giving notice to persons interested, and causing their orders and survey to be recorded in the town clerk's office of each town. And on their refusal, commissioners may be appointed for that specific purpose, whose powers and duties also, are the same and are derived from the same source with that of the selectmen of both the towns. On such a petition the Legislature evidently contemplated the case, where the road was to be located within the territorial jurisdiction of both towns, part of the road located in one town and part in the other, so that the line of town shall continuously divide the road. And that legislative policy, that gave to the selectmen of one town exclusive jurisdiction in laying roads wholly within its limits, gave to the selectmen of both towns, or commissioners appointed in their place, the same power

and authority where the road is located within the territory of both. In each case the interests of all the towns, as well as their respective inhabitants, would be represented by the selectmen of each. These provisions of the act also give a construction to the expression in the statute, "*On the line between two towns.*" It does not mean *along and by the side of the town line*, but refers to a road divided by the line of the town, and over the limits of which the selectmen of no one town have authority to act, or lay the road. Previous to the act of 1845 on such petition, the road could be located in no other way, and from that line or course they were not at liberty to deviate for any matter or cause. If the position of the land was such, or any natural obstacle existed that rendered it impossible to lay the road so as to be divided in its whole length by the line of the towns, the consequence followed that no road could be laid, as no provision was made by statute authorizing such deviation. To provide a remedy in such case was the object of the act of 1845, being the 31st Section of the Compiled Statutes, p. 160. That Section provides "that " when a highway is required to be laid out so that it shall be " *near* the line between two adjoining towns, instead of being *on* " *the line* between such towns, on account of the position of the " land, or nature of the soil over which it may be laid, and when "both towns are benefitted in a similar manner as though such "highway were on such line," then such highway may be laid by the selectmen of both towns, and on their neglect or refusal, by commissioners of the county court.

This act also gives a legislative construction to previous legislation on this subject similar to that we have expressed, and has not altered the law previously existing, except in one instance, in which such deviations are allowed and the road permitted to be laid *near the line*, where the position of the land and nature of the soil renders it difficult or impossible *to lay the road on the line.* Where such difficulties do not exist the road must be laid *on the line* the same as before the act. Where they do exist they may so deviate as to lay the road near the line, so far as is necessary to avoid the difficulties, and when avoided it becomes their duty to continue the road on the line of the towns as before. To justify such deviations two facts must be affirmatively found to exist; first, that the position of the land or nature of the soil is such that

the public good or convenience of the inhabitants require such deviations, and secondly, that both towns are benefitted in a similar manner as though such highway were on such line.

Such facts being found affirmatively, will, under the act of 1845, justify such deviations to that extent, whether the road is laid by the selectmen of both towns, or by commissioners appointed for that purpose on their neglect and refusal.

On this petition, therefore, if the commissioners found that the public good required the road to be laid, it should have been located in both towns, so that the line of the towns should have divided the road between them. And from this course they were not at liberty to deviate unless the position of the land and nature of the soil required it.

This fact, the commissioners have not found to exist, and the matter is not even left for presumption, for they have found, and at the request of the town of Bridport have reported, that no such difficulties or obstacles existed, and that the road could, except for a short distance in one or two places, as well have been laid *on the line of both towns*, as by the side of it, and wholly within the town of Addison. There is nothing in the case, therefore, that authorized the commissioners to lay the road in Addison and charge the town of Bridport with the maintenance of a portion of it. But the road as laid is one which could have been located by the selectmen of Addison alone, and over which they alone have jurisdiction.

The result is, that there is error, and that this writ must issue, and that the proceedings of the county court in establishing that highway be set aside.